```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,        )
                                )           4:05CR3027
       v.                       )
                                )
JOSEPH L. YOUNG,                )
                                )       MEMORANDUM AND ORDER
              Defendant.        )
                                )
```

Defendant has filed two motions for release to treatment, and the court has been provided with a copy of the evaluation report prepared by an addictions counselor at First Step Recovery Center.  It recommends that defendant be placed in a "residential drug/alcohol treatment program such as that found at Nova in Omaha."  It did not specify whether the recommendation is for "short-term" (generally three or four weeks) or "long-term" (generally several months) treatment, so I am unclear on exactly which variety is being recommended; however, given the other comments of the evaluator in the report, I am confident that she was not recommending short-term treatment.  It also recommends a psychological assessment and a gambling addiction evaluation.  Finally, it recommends that following any inpatient treatment, defendant be referred for "a minimum six months involvement in a halfway house or transitional living home."

After defendant was advised that the waiting list for long-term treatment at NOVA is three to four months, he filed a motion for release to Campus for Hope, a shorter and less stringent and confrontive treatment program than NOVA.  The court has not been provided with any of the other assessments recommended.

I think it is important to fully acknowledge the assessment of the addictions counselor, who spoke with defendant and administered the tests to him, in addition to interpreting the test results.  I shall therefore direct that a psychological assessment and a gambling addition evaluation be administered, so that a determination may be made of just how amenable to treatment this individual is.

Defendant has also moved to continue the trial set for May 2, 2005 to enable him to complete treatment.  As it is not known if or how soon defendant may be entering treatment, nor how long the treatment is expected to last, it is premature to continue the trial.  If defendant is convicted, he still may be eligible for treatment, depending on the circumstances.

IT THEREFORE HEREBY IS ORDERED,

1.  The pretrial services officer shall arrange the assessments needed in accordance with the above, and cause reports to be provided to the court and counsel.

2.  The motions for release to treatment are held in abeyance until the reports are received.

3.  The motion for continuance, filing 11, is denied.

DATED this 26th day of April, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge